Decision
PER CURIAM:
{1 AJ. (Mother) appeals the termination of her parental rights. We affirm.
12 Mother first asserts that the juvenile court erred in allowing the guardian ad litem to exceed the scope of direct examination in cross-examining a Division of Child and Family Services (DCFS) caseworker. Mother implies that the entirety of the testimony elicited from the caseworker by the guardian ad litem should be disregarded. However, the transcript shows that Mother made only one objection to the questioning. Mother objected to the guardian ad litem's question concerning the condition of the children when the caseworker first became involved with the case, arguing that the guardian ad litem was exceeding the seope of direct examination. The juvenile court denied the objection, stating that it would allow the guardian to proceed. Mother did not object to any other questions or lines of inquiry.
13 Mother's single objection was insufficient to preserve objections to other questions or lines of inquiry presented by the guardian ad litem. See State v. Schwenke, 2009 UT App 345, ¶¶ 19-20, 222 P.3d 768 (stating that because an issue can be preserved only by raising it in such a manner as to allow the trial court to act on it, the defendant's prior objection to an unrelated question several transcript pages earlier was insufficient to preserve an issue for appeal). Moreover, the transcript shows that the State asked a very similar question only minutes earlier. Accordingly, the question did not exceed the scope of the direct examination. Therefore, the question was proper and the objection was properly denied.
T4 Next, Mother asserts that the juvenile court erred in determining that it was in the children's best interests to terminate Mother's parental rights. "[In order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made."" In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). A juvenile court has broad discretion regarding judgments based on the juvenile court's specialized experience and training, as well as its ability to judge credibility firsthand. See In re E.R., 2001 UT App 66, ¶ 11, 21 P.3d 680. Accordingly, "[when a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." In re B.R., 2007 UT 82, ¶ 12, 171 P.3d 435.
15 The evidence was sufficient to support the juvenile court's determination that it was in the children's best interests to terminate Mother's parental rights. Mother had failed to comply with most aspects of her service plan, including those dealing with her drug use and her pattern of involving herself in abusive relationships. Further, at the time of trial, Mother was in prison for an indeterminate amount of time based, in part, on Mother's assault of her own mother in front of the children. Thus, because of Mother's prison sentence and her need to obtain help for the issues that led to the children's removal, she was not going to be in a position to parent the children for some time.
T6 Meanwhile, the children were living in a stable environment with their grandparents, who provided for all of their needs. The children have strong bonds with their grandparents, who have been the children's caregivers for a majority of their lives. The grandparents wish to adopt the children to give them a sense of permanency and stability. Finally, while the juvenile court made no specific findings concerning whether granting *683 permanent custody would be a better option than adoption, the juvenile court clearly considered the issue, as it specifically questioned the DCFS caseworker about termination of parental rights versus permanent custody prior to making its determination. Based on the evidence presented at trial, we cannot say that the juvenile court erred in making that determination. Accordingly, there exists sufficient evidence to support the juvenile court's determination that it was in the children's best interests to terminate Mother's parental rights.
T7 Affirmed.